**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mykola Kolomiichuk, *on behalf of himself and all others similarly situated*, | : |
| | : Civil Action No.:  _____ |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| Town Sports International Holdings, Inc.; and Town Sports International, LLC, | : **CLASS ACTION COMPLAINT** |
| | : |
| Defendants. | : |
| | : |

Plaintiff, Mykola Kolomiichuk, through the undersigned counsel, brings this action in his individual capacity and on behalf of the class of persons similarly situated as defined below and for his Complaint alleges, pursuant to his own knowledge, or where there is no personal knowledge, upon the investigation of counsel and/or upon information and belief, as follows:

## INTRODUCTION

1.     This action seeks to recover money against Defendants Town Sports International Holdings, Inc. ("TSI Holdings") and its subsidiary Town Sports International, LLC ("TSI Club," and together with TSI Holdings, the "TSI" or "Defendants"), due to Defendants' unlawful practice of charging fees in excess of those authorized under the contract and on account of an illegal business practice of enrolling consumers into open-ended contracts that are contrary to the law.

2.     New York Statute N.Y. Gen. Bus. Law § 623(2), states in relevant part:

> No contract for services shall provide for a term longer than thirty-six months. No contract for services shall require payments or financing by the buyer over a period in excess of thirty-seven months from the date the contract is entered into, nor shall the term of any such contract be measured by or be for the life of the buyer. Provided, however, that the services to be rendered to the buyer under the contract may extend over a period not to exceed three years from the date the contract is entered into with the right to renew, at the option of the buyer for a like period.

3.    The laws in other states where TSI operates are substantially similar in their prohibition on sale of health club services with indefinite term length of the contract:

   a.   *Connecticut*: "No health club contract shall have a term for a period longer than twenty-four months." Conn. Gen. Stat. Ann. § 21a-219(a).

   b.   *Massachusetts*: "No contract for health club services shall be for a term longer than thirty-six months, except that upon expiration of the contract, the seller may offer to the buyer the right to renew his contract for a similar, shorter or longer period not to exceed thirty-six months." Mass. Gen. Laws Ann. ch. 93, § 80.

   c.   *New Jersey*: "Services to be rendered to the buyer under the contract shall not obligate the buyer for more than three years from the date the contract is signed by the buyer." N.J. Stat. Ann. § 56:8-42.

   d.   *Pennsylvania*: "The maximum term of a health club contract shall be 36 months." 73 Pa. Stat. Ann. § 2164(a).

   e.   *Rhode Island*: "No contract for health club services shall be for a term longer than twenty-four (24) months." 5 R.I. Gen. Laws Ann. § 5-50-5(a).

   f.   *Virginia*: "No health club contract shall have a duration for a period longer than thirty-six months, including any renewal period." Va. Code Ann. § 59.1-299.

4.    TSI, an owner and operator of a large network of health clubs in the Eastern United States (under such brands as New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs), unlawfully enrolled consumers into contracts that exceed the allowable term length.

5.    TSI's membership agreement does not limit the length of its term and remains in effect indefinitely until cancelled by the member.

6.    TSI's membership agreement mandates a payment of a cancellation fee should member choose to cancel such agreement.

7.    TSI further promised in its membership agreements to charge a set monthly membership fee.

8.     TSI then stopped honoring its membership agreements and began charging its customers an inflated monthly membership fee that was not authorized under such agreements.

9.     Upset members began posting complaints to the Internet describing how they were promised a certain monthly membership rate and then saw TSI charge them more than was contemplated under respective applicable membership agreement.[1]

10.     Plaintiff entered into a contract with TSI for access to one of its fitness clubs.   The TSI contract, signed by the Plaintiff, fails to limit the term of its length.   TSI charged Plaintiff membership fees that are not provided for in the contract.   Plaintiff, on his own behalf and on behalf of those similarly situated, seeks to enjoin the practices complained of herein and asks that the Court order the Defendants to refund to all Class members, including Plaintiff, money overpaid in connection with Defendants' fraudulent overcharge of the fees and for failure to for enrolling consumers into illegal indefinite contracts.

---

[1] *See* Consumer Complaints and Reviews for New York Sports Club, CONSUMER AFFAIRS, https://www.consumeraffairs.com/health_clubs/ny_sports_club.html (last visited February 7, 2018) ("Like all the other reports here, they increased my monthly fee without my knowledge or approval.")

*See* BBB Consumer Reviews and Complaints for New York Sports Club, BETTER BUSINESS BUREAU, https://www.bbb.org/new-york-city/business-reviews/health-clubs/new-york-sports-clubs-in-new-york-ny-554/reviews-and-complaints (last visited February 7, 2018) ("Like many ohters, I joined NYSC on ***** when they promoted a 19.95 a month membership promised to never change so long as you stayed at the same club. The agreement was for paying an annual fee to lock the rate, it would never go up. In December, without any notice the price was raised by $10 a month, and inquiries about the signed membership agreement I signed were side stepped. Nobody else I have talked to who is upset about this upcharge received any communication.")

## PARTIES, JURISDICTION AND VENUE

11.     Plaintiff is and at all times mentioned herein was an individual person residing in Dobbs Ferry, New York.

12.     Defendant Town Sports International Holdings, Inc., is a New York corporation headquartered at 399 Executive Boulevard, Elmsford, New York 10523.

13.     Defendant Town Sports International, LLC is a New York business entity headquartered at 5 Penn Plaza, 4th Floor, New York, New York 10001.

14.     The federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2)(A) as the amount in controversy exceeds the sum of $5,000,000, the number of class members exceed 100, and any member of a class of plaintiffs is a non-citizen of a State of New York and Defendants are a citizen of a State of New York.

15.     Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff entered into a contract with the Defendants in this District, thus a substantial part of the events giving rise to the claim occurred here.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  Overview of TSI

16.     TSI is the largest owner and operator of fitness clubs in the Northeast and Mid-Atlantic regions of the United States and the third largest fitness club operator in the United States.

17.     TSI operates under the brand names of New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs.

18.     In total, TSI operates about 150 fitness clubs, with a majority of the clubs (over 100) operated under the New York Sports Clubs (NYSC) brand name.

19.     TSI sells its memberships through direct sales at the club level, and corporate and group sales, as well as through its online website.

**B.  Plaintiff's Experience**

20.     On January 5, 2016, Plaintiff visited TSI's fitness club location in Dobbs Ferry, New York, to inquire about TSI's advertised "Premier" membership of $19.95 per month.

21.     TSI club representative re-affirmed that the "Premier" membership was $19.95 per month, charged monthly, with an additional one time enrollment charge of $199.95 and an annual fee of $49.95.

22.     Same day, Plaintiff entered into the contract with TSI, agreeing to pay such fees, and authorized TSI to charge his credit card.

23.     TSI then proceeded to charge Plaintiff's credit card a fee of $19.95 on a monthly basis.

24.     Sometime in January 2017, Plaintiff reviewed his credit card statement and noticed that TSI charged him a monthly fee of $29.95.

25.     TSI then charged the same fee of $29.95 in February of 2017.

26.     Some time in February of 2017 Plaintiff spoke to TSI's representative its Dobbs Ferry, New York, location who confirmed that TSI indeed raised the monthly membership fee.

27.     Thereafter, TSI continued to charge such unauthorized raised monthly fee.

28.     Sometime in January 2018, Plaintiff reviewed his credit card statement and noticed that TSI increased its monthly fee yet again and charged him a fee of $39.95.

**C.  TSI's Membership Agreement**

29.     The fitness club membership agreement, presented by TSI and executed by the Plaintiff, states that such agreement shall continue month-to-month until Plaintiff cancels it and pays a cancellation fee of $29.95.

30.     The membership agreement does not limit the length of its term and remains in effect indefinitely until cancelled by the member.

31.     The membership agreement does not authorize TSI to unilaterally increase the fees.

## CLASS ALLEGATIONS

### A. The Classes

32.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of himself and classes of similarly situated individuals, defined as follows:

> **New York Subclass: (1) All individuals who reside in the State of New York who entered into a membership agreement with TSI, (2) on or after February 7, 2014, (3) whose contract is not limited by term length, and (4) who were charged by TSI an unauthorized fee.**

> **Non-New York Subclass: All individuals who reside outside the State of New York who entered into a membership agreement with TSI, (2) on or after February 7, 2014, (3) whose contract is not limited by term length, and (4) who were charged by TSI an unauthorized fee.**

### B. Numerosity

33.     As its regular business practice, TSI sells membership agreements without term length and then charges fees not authorized by such agreement.   Class members are believed to be so numerous that joinder of all members is impractical.

34.     The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery.   Identification of the class members is a matter capable of ministerial determination from Defendants' records.

35.     Plaintiff reasonably believes that there are tens of thousands of consumers who are members of the class.

### C.  **Common Questions of Law and Fact**

36.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

37.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

> a.     Whether Defendants violated N.Y. Gen. Bus. Law § 623(2) and/or substantially similar statutes by and failing to limit the term of its membership agreement;
>
> b.     Whether Defendants charged consumers fees not authorized under membership agreements;
>
> c.     Whether Defendants defrauded consumers by charging them fees not authorized under membership agreements;
>
> d.     Whether Defendants engaged into such conduct willfully and knowingly.

### D.  **Typicality**

38.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from TSI enrolling consumers into open-ended contracts that fail to limit its term length and it charging unlawful fees to such consumers.

39.     Plaintiff and the Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and Class Members are based on the same legal theories and questions of law and fact.

### E.  **Protecting the Interests of the Class Members**

40.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendants' unlawful conduct.

41.     Plaintiff's interests do not conflict with the interests of the Class, and the Plaintiff intends on prosecuting this action vigorously.

42.     All of the Class Members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

43.     Plaintiff has retained counsel experienced in bringing class actions and consumer protection claims and who stands ready, willing and able to represent the classes.

**F.  Proceeding Via Class Action is Superior and Advisable**

44.     A class action here is superior to other available methods for fair and efficient adjudication of the controversy.

45.     Class action treatment will allow a large number of similarly situated individuals to simultaneously pursue their common claims in a single forum in an efficient manner, without unnecessary duplication of effort and expense that would be required if numerous individual actions were pursued.

46.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

47.     The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

48.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

49.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants and other health club service providers. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

50.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other class members.

## COUNT I
## CONSUMER FRAUD

51.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The foregoing acts and practices constitute fraud under the common law of the State of New York.

53.     The Defendants defrauded consumers by enrolling consumers into open-ended contracts that fail to limit its term length and it charging unlawful fees to such consumers.

54.     New York Gen. Bus. Law § 623(2) mandates that "No contract for services shall provide for a term longer than thirty-six months."

55.     Defendants did not limit the sold membership agreements to thirty-six months.

56.     Defendants' membership agreement provides that it shall remain in force and effect month-to-month, indefinitely, until cancelled by the consumer, provided consumer pays a cancellation fee.

57.     Defendants' membership agreement does not authorize Defendants to unilaterally increase the fees.

58.     Defendants charged consumers inflated monthly membership fees not authorized under such membership agreements.

59.     By enrolling consumers into open-ended contracts that fail to limit its term length and charging unlawful fees to such consumers, Defendants deprived the Plaintiff and members of the Class of benefit and protection that is mandated by the New York legislature.

60.     The conduct engaged in by the Defendants constitutes consumer fraud in that it qualifies as unfair or deceptive practices in the conduct of trade or commerce.

61.     The Defendants' acts, practices and conduct were done willfully or knowingly.

62.     Plaintiff and each and every member of the Class suffered an injury as a result of the Defendants' willfully deceptive acts and practices.

63.     Plaintiff and the Class Members suffered actual damage as a result of the foregoing.

**COUNT II**
**BREACH OF CONTRACT**

64.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.     Plaintiff and each member of the Class entered into a contract with TSI for access to its fitness club facilities during the Class period.

66.     Each of such contracts violates state law through its failure to limit term of length of the contract.

67.     Defendants further breached these contracts by charging unauthorized fees to Plaintiff and members of the Class.

68.     Defendants' breach of the contracts has resulted in material damages to Plaintiff and the members of the Class.

69.     Due to the Defendants' breaches, Plaintiff and the members of the Class are entitled to recover the unauthorized charges paid by them, with accrued interest.

**COUNT III**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

70.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.     Plaintiff and each member of the Class entered into a contract with TSI for access to its fitness club facilities during the Class period.

72.     Defendants breached the implied covenant of good faith and fair dealing underlying these contracts by charging unauthorized fees to Plaintiff and members of the Class.

73.     Defendants' breach of the contracts has resulted in material damages to Plaintiff and the members of the Class.

74.     Due to the Defendants' breaches, Plaintiff and the members of the Class are entitled to recover the unauthorized charges paid by them, with accrued interest.

**COUNT IV**
**UNJUST ENRICHMENT**

75.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.     Defendants charged unauthorized fitness club membership fees to Plaintiff and members of the Class.

77.     Defendants' unauthorized charges resulted in Plaintiff and members of the Class paying monies to Defendants.

78.     Defendants have been unjustly enriched at the expense of Plaintiff and the members of the Class.

79.     As a result of the unjust enrichment, Plaintiff and the members of the Class are entitled to recover the illegal charges paid by them, with accrued interest.

**COUNT V**
**VIOLATION OF NEW YORK CONSUMER PROTECTION ACT**

80.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11

81.     The Defendants defrauded consumers by enrolling consumers into open-ended contracts that fail to limit its term length and it charging unlawful fees to such consumers.

82.     New York Gen. Bus. Law § 623(2) mandates that "No contract for services shall provide for a term longer than thirty-six months."

83.     Defendants did not limit the sold membership agreements to thirty-six months.

84.     Defendants' membership agreement provides that it shall remain in force and effect month-to-month, indefinitely, until cancelled by the consumer, provided consumer pays a cancellation fee.

85.     Defendants' membership agreement does not authorize Defendants to unilaterally increase the fees.

86.     Defendants' charged consumers inflated monthly membership fees not authorized under such membership agreements.

87.     By enrolling consumers into open-ended contracts that fail to limit its term length and charging unlawful fees to such consumers, Defendants deprived the Plaintiff and members of the Class of benefit and protection that is mandated by the New York legislature

88.     Defendants' unauthorized enrollment of consumers into open-ended contracts and  charging them inflated fees represents an unlawful or deceptive trade practice under N.Y. Gen. Law § 349.

89.     The Defendants violated N.Y. Gen. Law § 349 by making fraudulent and/or negligent representations to Plaintiff and members of the Class, as herein before alleged.

90.     The Defendants are in the business of providing health club and therefore the violations are likely to affect the general public, now and in the future.

91.     The Defendants violated the law willfully and knowingly.

92.     Plaintiff and each and every member of the Class suffered an injury as a result of the Defendants' willfully deceptive acts and practices.

93.     The Plaintiff hereby demands that all attorneys' fees, costs and other fees of this action be borne by the Defendants and that the Court award Plaintiff and members of the Class actual and punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated members of the Class, respectfully request that this Court grant the following relief:

A.     Certification of this action as a Class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

B.     A declaratory judgment that the practices complained of herein are unlawful;

C.     An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D.     An award of damages suffered by Plaintiff and members of the Class in an amount greater than $5,000,000;

E.     An award of punitive damages as a result of the Defendants' intentional fraud;

F.     An award of prejudgment and postjudgment interest;

G.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

H.      Such other and further relief as this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated: February 12, 2018                        Respectfully submitted,

                              By:     */s/ Sergei Lemberg*
                                      Sergei Lemberg
                                      LEMBERG LAW, LLC
                                      43 Danbury Road
                                      Wilton, CT 06897
                                      Telephone: (203) 653-2250
                                      Facsimile:   (203) 653-3424
                                      *Attorneys for Plaintiff*