UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mykola Kolomiichuk, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>    -against-<br><br>Town Sports International Holdings, Inc. and Town Sports International, LLC,<br><br>    Defendants. | Civil Action No. 18-cv-01223-KMK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TOWN SPORTS INTERNATIONAL HOLDINGS, INC. AND TOWN SPORTS INTERNATIONAL, LLC'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)**

**GORDON REES SCULLY MANSUKHANI, LLP**
*Attorneys for Defendants Town Sports International Holdings, Inc. and Town Sports International, LLC,*
500 Mamaroneck Avenue, Suite 503
Harrison, New York 10528
Phone: (914) 777-2225
Fax: (914) 709-4566

Of Counsel and on the Brief:
  Donald G. Derrico, Esq.
  Matthew P. Gallo, Esq.
  Gregory R. Picciano, Esq.

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS .........................................................................................2

PROCEDURAL HISTORY ........................................................................................4

LEGAL ARGUMENT ................................................................................................5

POINT I........................................................................................................................5

    STANDARD OF REVIEW ..............................................................................6

POINT II ......................................................................................................................6

    PLAINTIFF DOES NOT HAVE STANDING TO ASSERT
    CERTAIN STATE LAW CLAIMS ..................................................................6

    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE
    COVENANT OF GOOD FAITH AND FAIR DEALING ...........................10

    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST
    ENRICHMENT ...............................................................................................13

CONCLUSION ..........................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**

*Abdullahi v. Pfizer, Inc.*,
   562 F.3d 163 (2d Cir. 2009) ................................................................................6

*Albert v. Alexander Brown Mgmt. Servs., Inc.*,
   No. 762-N, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607 (Del. Ch. Aug. 26,
   2005) ..................................................................................................................13

*Alter v. Bogoricin*,
   *1*997 U.S. Dist. LEXIS 17369, No. 97 Civ. 0662, 1997 WL 691332 (S.D.N.Y.
   Nov. 6, 1997) .....................................................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................6

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*,
   448 F.3d 573 (2d Cir. 2006) ..............................................................................13

*Butvin v. DoubleClick Inc.*,
   2001 U.S. Dist. LEXIS 2318, No. 99 Civ. 4727, 2001 WL 228121 (S.D.N.Y.
   Mar. 7, 2001) .....................................................................................................11

*Casalino Interior Demolition Corp. v. Custom Data, Inc.*,
   235 A.D.2d 514, 653 N.Y.S.2d 35 (App. Div. 2d Dep't 1995) .........................12

*Cross & Cross Props., Ltd. v. Everett Allied Co.*,
   886 F.2d 497 (2d Cir. 1989) ..............................................................................10

*Dalton v. Educational Testing Serv.*,
   87 N.Y.2d 384N.E.2d 289, 639 N.Y.S.2d 977 (N.Y. 1995) .............................10

*Dervan v. Gordian Grp. LLC*,
   2017 U.S. Dist. LEXIS 28551, 2017 WL 819494 (S.D.N.Y. Feb. 28, 2017) ......13

*Friends of the Earth, Inc.*,
   528 U.S. 167 (2000) ............................................................................................7

*Gavin v. AT&T*,
 543 F.Supp.2d 885 (N.D. Ill 2008) ............................................................................. 7

*Granite Partners, L.P. v. Bear, Stearns & Co.*,
 17 F. Supp. 2d 275 (S.D.N.Y. 1998) ........................................................................ 10

*Griffin v. Dugger*,
 823 F.2d 1476 (11th Cir. 1987) .................................................................................. 8

*Harris v. Provident Life & Accidental Ins. Co.*,
 310 F.3d 73 (2d Cir. 2002) ....................................................................................... 11

*In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.*,
 701 F. Supp. 2d 356 (E.D.N.Y. 2010) ........................................................................ 8

*In re HSBC Bank, USA, N.A.*,
 1 F. Supp. 3d 34 (E.D.N.Y. 2014) ......................................................................... 9, 10

*In Re Wellbutrin*,
 260 F.R.D. 143 (E.D. Pa. 2009) ................................................................................. 9

*Lee v. City of Chicago*,
 330 F.3d 456 (7th Cir. 2003.) ..................................................................................... 7

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992) ................................................................................................... 7

*Murphy v. American Home Prods. Corp.*,
 58 N.Y.2d 293N.E.2d 86 N.Y.S.2d 232 (N.Y. 1983) .............................................. 11

*Pappas v. Tzolis,*
 20 N.Y.3d 228N.E.2d 576N.Y.S.2d 656 (2012) ..................................................... 13

*Parks v. Dick's Sporting Goods, Inc.*,
 2006 U.S. Dist. LEXIS 39763, 5 (W.D.N.Y. June 15, 2006) ................................... 8

*Simington v. Lease Fin. Grp., LLC*,
 2012 U.S. Dist. LEXIS 25671, 25 (S.D.N.Y. Feb. 28, 2012) ................................... 8

*Simon v. E. Ky. Welfare Rights Org.*,
 426 U.S. 26 (1976) ..................................................................................................... 7

*Siradas v. Chase Lincoln First Bank, N.A.,*
   1999 U.S. Dist. LEXIS 15593, No. 98 Civ. 4028, 1999 WL 787658 (S.D.N.Y. Sept. 30, 1999) ................................................................................................... 11

*Smith v. Pizza Hut, Inc.,*
   2011 U.S. Dist. LEXIS 76793, 28 (D. Colo. July 14, 2011) ................................. 9

*Spokeo, Inc. v. Robins,*
   136 S. Ct. 1540 (2016) ..................................................................................... 7, 8

*TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group,*
   244 F. Supp. 2d 263 (S.D.N.Y. 2003) ................................................... 10, 11, 12

*U.S. Bank Nat. Ass'n v. Ables & Hall Builders,*
   582 F. Supp. 2d 605 (S.D.N.Y. 2008) .................................................................. 6

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,*
   517 F.3d 104 (2d Cir. 2008 .................................................................................. 6

*Warth v. Seldin,*
   422 U.S. 490 (1975) ............................................................................................ 7

**Statutes**

New York Consumer Protection Act § 349 ............................................................. 5

New York General Business Law § 623 .............................................................. 4, 5

New York General Law § 349 ................................................................................. 3

**Rules**

Fed. R. Civ. P. 12 ................................................................................................ 1, 14

## **PRELIMINARY STATEMENT**

Defendants Town Sports International Holdings, Inc. and Town Sports International, LLC, (collectively, "TSI") submit this Memorandum of Law in Support of its Motion for Partial Dismissal of the Amended Putative Class Action Complaint ("Compl.") of Plaintiff Mykola Kolomiichuk, pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim.

This Putative Class Action lawsuit concerns whether TSI impermissibly charged increased monthly fees to its members. Plaintiff, who is admittedly a resident of New York and only visited one TSI location – Dobbs Ferry, New York, seeks to certify a subclass for individuals of all "non-New York states" including Connecticut, Massachusetts, New Jersey, Pennsylvania, Rhode Island, and Virginia. Plaintiff's only problem is that his claims do not have the slightest causal connection to any state outside of New York, and therefore, lacks standing in those states. Despite this reality, Plaintiff contends that he should be able to allege violations of the laws of <u>any</u> state without the burden of having to allege concrete injuries relating to those states. Plaintiff's position has no natural limit, and defies both logic and case law. If Plaintiff's interpretation of the law were accurate, every class action plaintiff could assert a claim under the laws of every state in the country, seek discovery in each of those states, and worry about standing after the fact. This would be impermissibly burdensome on the defendants in such actions, and would impose vastly increased costs and waste of time on all parties and the courts.

The Second Circuit has consistently held that "a plaintiff must demonstrate standing for each claim he seeks to press" and that "<u>with respect to each asserted claim</u>, a plaintiff must always have suffered a distinct and palpable injury." Plaintiff cannot satisfy such burden as the Complaint is devoid of any allegations that show any injury suffered in non-New York states. As a result, Plaintiff does not have standing to assert claims under the laws of any non-New York

states, including Connecticut, Massachusetts, New Jersey, Pennsylvania, Rhode Island, and Virginia.

Additionally, Plaintiff's claims for breach of the covenant of good faith and fair dealing and unjust enrichment must be dismissed as duplicative of his breach of contract claim. Because Plaintiff's breach of the covenant of good faith and fair dealing and unjust enrichment claims are intrinsically tied to the damages sought in his breach of contract claim, and based on the same operative facts, such claim must be dismissed. Worse, Plaintiff does not dispute the existence of an actual contract with TSI which renders his breach of the covenant of good faith and fair dealing and unjust enrichment claims as duplicative and warrants dismissal.

For the reasons set forth below, TSI respectfully requests dismissal of Plaintiff's consumer fraud claims brought on behalf of putative class members in all non-New York states, in addition to his breach of the covenant of good faith and fair dealing and unjust enrichment claims.

## STATEMENT OF FACTS

As alleged in the Plaintiffs' Amended Complaint, TSI is the owner and operator of a large network of health clubs in the Eastern United States (under such brands as New York Sports Club, Boston Sports Club, Washington Sports Club, and Philadelphia Sports Club). Compl. ¶ 2. TSI operates about 150 fitness clubs, with a majority of the clubs operated under the New York Sports Club brand name. *Id.* at ¶ 10.

**Plaintiff Mykola Kolomiichuk's Individual Claims**

Plaintiff Mykola Kolomiichuk ("Kolomiichuk") avers that on or about January 5, 2015, he visited a TSI fitness center in Dobbs Ferry, New York to inquire about the "premier" membership for $19.95, charged and renewed monthly, with an additional one time enrollment

charge of $199.95 and an annual fee of $49.95 Compl. ¶ 11-12.  That same day, Plaintiff entered into the contract with TSI, agreeing to pay such fees.  Compl. ¶ 13.  The membership agreement contained a cancellation fee of $29.95 in the event that Plaintiff no longer wanted to use TSI's facilities.  Compl. ¶ 18.

Plaintiff continued to use the gym throughout 2015, and 2016 – more than 24-months, without any change to his membership rate.  *See*, generally, Compl.  On January 1, 2017, after the completion of the December 2016 billing-cycle, and monthly contract, TSI increased Plaintiff's monthly fee from $19.95 to $29.95.  Compl. ¶ 22.  Although Plaintiff alleges that he spoke to a TSI representative about the rate increase, he failed to voice his objection to the new rates, or cancel his membership (as permitted by the membership agreement), and instead, continued to use the gym throughout 2017.  Compl. ¶ 27.  However, unbeknownst to Plaintiff, TSI increased its monthly charge in January 2018 to $39.95. Compl. ¶ 28.   Plaintiff continues to use the TSI gym as of the date of filing his Amended Complaint.  Again, Plaintiff failed to voice his objection to the new rates, or cancel his membership (as permitted by the membership agreement), and instead, continues to use the gym in 2018.

Accordingly, Plaintiff alleges that TSI has breached the terms and conditions of the membership agreement, and has been unjustly enriched, by unilaterally increasing its monthly fees.  Compl. ¶ 52-65.  Moreover, Plaintiff claims that TSI's conduct, of increasing his monthly rate, constitutes unfair and deceptive practices under New York General Law § 349.  Compl. ¶ 77-96.

**Plaintiff's Putative Class Action Claims**

Importantly, Kolomiichuk alleges that he is a resident of New York (Compl. ¶ 3), and was a member of TSI's Dobbs Ferry, New York location. Compl. ¶¶ 11, 13.  Plaintiff does not

3

allege that he visited, or was a member of any other TSI gym locations. *See*, generally Compl. Instead, the allegations are restricted to alleged unlawful fees charged by TSI's Dobbs Ferry, New York in 2017 and 2018. Despite such limitation, Plaintiff asserts claims on behalf of himself and a putative class consisting of the following individuals:

> **New York Subclass**: **(1) All individuals who reside in the State of New York who entered into a membership agreement with TSI, (2) on or after February 7, 2014, and (3) who were charged by TSI a monthly due in excess of the amount set forth in their membership agreement.**
>
> **Non-New York Subclass**[1]: **(1) All individuals who reside outside the State of New York who entered into a membership agreement with TSI, (2) on or after February 7, 2014, and (3) who were charged by TSI a monthly due in excess of the amount set forth in their membership agreement.**

Compl. ¶ 33. Most fatal to Plaintiff's claims is his failure to assert that any injury occurred outside of New York State. As such, Kolomiichuk has no standing to assert claims on behalf of those individuals who reside outside of the State of New York.

## PROCEDURAL HISTORY

On February 13, 2018, Plaintiff filed a five-count putative Class Action Complaint in the United States District Court, Southern District of New York for alleged violations of the New York General Business Law § 623(2); breach of contract; breach of implied covenant of good faith and fair dealing; unjust enrichment; and violation of the New York Consumer Protection Act. *See* Dkt. No. 1. Notably, Plaintiff alleged that N.Y. GBL 623(2) is substantially similar to law in other states, including Connecticut, Massachusetts, New Jersey, Pennsylvania, Rhode Island, and Virginia and brought the aforementioned claims on behalf of a non-New York Subclass. Dkt. 1 at ¶¶ 3, 32.

---

[1] Although Kolomiichuk does not specify the exact states of each violation which comprise the "non-New York Subclass" in his Amended Complaint, based on plaintiff's initial Complaint, dated February 12, 2018, TSI anticipates these states to include Connecticut, Massachusetts, New Jersey, Pennsylvania, Rhode Island, and Virginia. See Dkt. 1 at ¶¶ 3, 32.

On March 12, 2018, TSI prepared and filed a pre-motion conference letter requesting leave to file a Motion to Dismiss the Class Action Complaint. *See* Dkt. No. 8.  On March 19, 2018, Plaintiff filed a letter opposing TSI's pre-motion conference request letter.  Included in his response, Plaintiff advised that he would file an Amended Complaint and withdraw his claim that TSI's membership agreements are unlawful open-ended contract pursuant to N.Y. GBL § 623(2). *See* Dkt. No. 10.

Plaintiff subsequently filed a four-count putative Class Action Amended Complaint on April 18, 2018, alleging breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and violation of the New York Consumer Protection Act § 349. Most notable, Kolomiichuk removed the cause of action brought under N.Y. GBL § 623(2) and therefore, does not explicitly allege that TSI is in breach of laws similar to N.Y. GBL § 623(2) in other states, including Connecticut, Massachusetts, New Jersey, Pennsylvania, Rhode Island, and Virginia.  Despite this, Kolomiichuk still asserts that claims on behalf of a non-New York Subclass, in addition to a New York Subclass. *See* Dkt. No. 18.

On April 27, 2018, TSI again filed a renewed pre-motion conference letter requesting leave to file a Motion to Dismiss the Amended Complaint. *See* Dkt. No. 19. On May 1, 2018, Kolomiichuk filed its letter opposing TSI's renewed pre-motion conference letter.  *See* Dkt. No. 19

On May 22, 2018, counsel for both parties appeared before Your Honor at the pre-motion conference, at which time Your Honor granted TSI's request to file the herein Motion to Dismiss, which follows:

## **LEGAL ARGUMENT**

### **POINT I**

A.     **STANDARD OF REVIEW**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that relief is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a complaint states a plausible claim for relief, district courts are instructed to conduct a two-part analysis. *First,* the factual and legal elements of a claim should be separated. *Id.* The District Court must accept all well-pleaded facts as true, but may disregard any legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-4 (2009). Next, a District Court must determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief. *Id.* at 664. In other words, a complaint must do more than allege a plaintiff's entitlement to relief – it must show such an entitlement with its facts. *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008; *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008). As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 665.

## POINT II

B.     **PLAINTIFF DOES NOT HAVE STANDING TO ASSERT CERTAIN STATE LAW CLAIMS**

Plaintiff, who is a resident of New York, does not have standing to assert claims on behalf of a putative class under the laws of <u>all</u> non-New York states, including Connecticut, Massachusetts, New Jersey, Pennsylvania, Rhode Island, and Virginia. *See* Compl. ¶ 33. Article III limits the jurisdiction of the federal courts to hear only actual cases and controversies. The

concept of standing is part of this limitation. *Gavin v. AT&T*, 543 F.Supp.2d 885, 894-95 (N.D. Ill 2008) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37-38 (1976)).

Whether a plaintiff has Article III standing is a threshold issue that "determine[s] the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing. *Gavin v. AT&T*, F.Supp2d 885, 894-95. Those elements are (1) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.; Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Friends of the Earth, Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-64 (1992) (holding that plaintiffs' intention "[s]uch "some day" intentions [to visit a place in the future where they will presumably be injured] -- without any description of concrete plans, or indeed even any specification of *when* the some day will be -- do not support a finding of the "actual or imminent" injury that our cases require.")

If standing is challenged as a factual matter, the plaintiff must come forward with "competent proof that is a showing by a preponderance of the evidence that standing exists." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003.). To establish injury-in-fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548. Hence, the plaintiff's injury must be "particularized" and "concrete." For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." Id. To be

7

"concrete," the injury must be "de facto"— it must exist, be real, and not abstract. *Id.* at 1548-49.

These same rules apply for a plaintiff representing a putative class. The fact that Kolomiichuk asserts a claim on behalf of a class does not create standing for him to do so. "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Id*. at 64 (citation omitted). "At this preliminary stage of the litigation, the only relevant standing inquiry is that of the named plaintiffs." *In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.,* 701 F. Supp. 2d 356, 377 (E.D.N.Y. 2010).

Plaintiff cannot assert claims of breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and violation of the New York Consumer Protection Act against TSI under other, unidentified state laws if he cannot allege personal injury by TSI in those states. *Simington v. Lease Fin. Grp.,* LLC, 2012 U.S. Dist. LEXIS 25671, 25 (S.D.N.Y. Feb. 28, 2012) ("Where plaintiffs themselves do not state a claim under their respective state's consumer statutes, however, they do not have standing to bring claims under other state statutes — even where they are named plaintiffs in a purported class action."); *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) ("[A] claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to the claim."); *Parks v. Dick's Sporting Goods, Inc*., 2006 U.S. Dist. LEXIS 39763, 5 (W.D.N.Y. June 15, 2006) ("the Court finds that the plaintiff [] lacks standing to assert state-law claims arising under the laws of states

8

other than New York, since he was never employed by defendant anywhere other than New York.")

Here, it is clear that Plaintiff asserts claims on behalf of all non-New York states that TSI owns or operates a gym location. The subclass is defined as follows:

> **Non-New York Subclass: (1) All individuals who reside outside the State of New York who entered into a membership agreement with TSI, (2) on or after February 7, 2014, and (3) who were charged by TSI a monthly due in excess of the amount set forth in their membership agreement.**

Because Plaintiff is the only named plaintiff in this putative class action, he must have standing to assert claims in each of the states where TSI committed the alleged unlawful conduct. He cannot satisfy this burden. Instead, Kolomiichuk brings his claims individually and as a class action and alleges that he is a resident of New York; however, he does not allege any connection whatsoever with Connecticut, Massachusetts, New Jersey, Pennsylvania, Rhode Island, and Virginia. *See* Compl. ¶¶ 3, 33. Without an injury traceable to conduct that occurred in those states, Plaintiff does not have standing to assert state law claims arising under the laws of those states. This court should follow "the numerous cases holding that named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where the named plaintiffs have never lived or resided." *In re HSBC Bank, USA, N.A.,* 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014) (citing cases). To hold otherwise "would allow plaintiff to engage in lengthy and expensive discovery with respect to alleged violations of state laws when the Court cannot be certain that any individual suffered an injury under those laws." *Smith v. Pizza Hut, Inc.,* 2011 U.S. Dist. LEXIS 76793, 28 (D. Colo. July 14, 2011); *In Re Wellbutrin,* 260 F.R.D. 143, 155 (E.D. Pa. 2009) (finding that certifying a class action without named plaintiffs who have standing to assert each claim would "allow named plaintiffs in a proposed class action, with no injuries in relation

9

to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union.").[2]

TSI should not be subjected to such extensive discovery costs and delay. Accordingly, all of Plaintiff's claims under the laws of states where he has not alleged personal injury should be dismissed.

### C. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed as duplicative of his breach of contract claims.

It is axiomatic that implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance. *See Dalton v. Educational Testing Serv.,* 87 N.Y.2d 384, 663 N.E.2d 289, 291-92, 639 N.Y.S.2d 977 (N.Y. 1995). Although breach of this covenant may give rise to a claim of relief, *see Granite Partners, L.P. v. Bear, Stearns & Co.,* 17 F. Supp. 2d 275, 305 (S.D.N.Y. 1998), there are limitations on its scope. The Second Circuit has indicated that it is the "intent and reasonable expectations" of parties entering into a given contract that fix the boundaries of the covenant of good faith and fair dealing, provided that those expectations are consistent with the express terms of the contract. *Cross & Cross Props., Ltd. v. Everett Allied Co.,* 886 F.2d 497, 502 (2d Cir. 1989); *see also Dalton,* 87 N.Y.2d at 384. Hence, the purpose of the implied covenant of good faith is to further an agreement by protecting a promisee against "breach of the reasonable expectations and inferences otherwise derived from the agreement." *TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group,* 244 F. Supp. 2d 263, 278 (S.D.N.Y. 2003). Such protection cannot exist in the absence of an underlying valid contract. *See*

---

[2] The court in *In re HSBC Bank* noted that "if Plaintiff seeks leave to amend . . . to add a named representative from each state, the Court, without prejudging the question, notes the obvious fact that it would be difficult for the Court to adjudicate claims under the laws of all of the states listed in . . . especially in light of the discrepancies between the states' laws." *Id.* at 50  (citation omitted).

*Alter v. Bogoricin, 1*997 U.S. Dist. LEXIS 17369, No. 97 Civ. 0662, 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997)("The covenant of good faith and fair dealing is not distinct from the underlying contract …"); *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 448 N.E.2d 86, 91, 461 N.Y.S.2d 232 (N.Y. 1983).

Accordingly, "New York law … does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accidental Ins. Co.,* 310 F.3d 73, 81 (2d Cir. 2002); *see also Butvin v. DoubleClick Inc.,* 2001 U.S. Dist. LEXIS 2318, No. 99 Civ. 4727, 2001 WL 228121, at *8 (S.D.N.Y. Mar. 7, 2001). This Court has consistently dismissed claims for breach of the implied covenant of good faith as "redundant where the conduct allegedly violating the implied covenant is also the predicate for breach … of an express provision of the underlying contract." *TVT,* 244 F. Supp. 2d at 277; *see also Alter,* 1997 U.S. Dist. LEXIS 17369, 1997 WL 691332, at *7 ("Every court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative"). Consequently, a breach of the implied covenant of good faith claim can survive a motion to dismiss "only if it is based on allegations different than those underlying the accompanying breach of contract claim." *Siradas v. Chase Lincoln First Bank, N.A.,* 1999 U.S. Dist. LEXIS 15593, No. 98 Civ. 4028, 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999). Moreover, where the relief sought by the plaintiff in claiming a breach of the implied covenant of good faith is "intrinsically tied to the damages allegedly resulting from the breach of contract," *Alter,* 1997 U.S. Dist. LEXIS 17369, 1997 WL 691332, at *8, there is no separate and distinct wrong that would give rise to an independent claim.

In the instant case, Plaintiff's claim of breach of the implied covenant of good faith and fair dealing rests on TSI's alleged failure to honor the terms of the Agreement by charging increased monthly fees. *See* Compl. § 69. More specifically, Plaintiff avers that "Defendants breached the implied covenant of good faith and fair dealing underlying these contracts and injured Plaintiff's and class members' rights to receive fruits of the contract by unilaterally raising monthly dues…in contravention of the terms of Plaintiff and class member membership agreements." *Id.* However, this assertion is almost identical to that contained in Plaintiff's breach of contract claim, which alleges that TSI breached its membership agreements by unilaterally increasing monthly fees. Compl. § 63.

Moreover, the breach of the implied covenant claim must also be dismissed because the damages it seeks to recover are identical to those asserted in the breach of contract claim. Under New York law, claims for breach of the implied covenant of good faith which seek to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract must be dismissed as redundant. *See, e.g., Casalino Interior Demolition Corp. v. Custom Data, Inc.,* 235 A.D.2d 514, 653 N.Y.S.2d 35, 36 (App. Div. 2d Dep't 1995); *see also TVT*, 244 F. Supp. 2d at 277-79.

Here, Kolomiichuk seeks to recover the exact amount in both claims. Compl. ¶ 65 ("Plaintiff and the members of the Class are entitled to recover the unauthorized fees, charged and taken by Defendants, which accrued interest"), compared to Compl. ¶ 71 ("Plaintiff and the members of the Class are entitled to recover the unauthorized fees, paid by them, which accrued interest.") According to the Complaint, the damages requested for both of these claims arise from TSI's alleged failure to honor the terms of the Agreement by charging increased monthly fees.

*See* Compl. § 69. Thus, the damages requested for the breach of the implied covenant claim are intrinsically tied to and simply repeat those requested for the breach of contract claims.

Accordingly, the breach of the covenant of good faith and fair dealing claim should be dismissed.

### D.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Similar to his breach of the covenant of good faith and fair dealing, Plaintiff's claim of unjust enrichment is duplicative and should be dismissed.

Unjust enrichment is a quasi-contract claim that may be pursued only in the absence of a contract or, in the alternative, where there is a doubt about the existence or enforceability of a contract. *See, e.g., Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 586-87 (2d Cir. 2006); see also, e.g., *Albert v. Alexander Brown Mgmt. Servs., Inc.,* No. 762-N, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005) (noting that while a plaintiff may pursue contract and quasi-contract claims in the alternative, "[t]his is generally so . . . only when there is doubt surrounding the enforceability or the existence of the contract").

Here, the parties' dispute is governed by an express contract and thus unjust enrichment does not lie. *See, e.g., Pappas v. Tzolis,* 20 N.Y.3d 228, 234, 982 N.E.2d 576, 958 N.Y.S.2d 656 (2012) ("Because the sale of interests in the LLC was controlled by contracts . . . the unjust enrichment claim fails as a matter of law."). Courts will only allow breach of contract and unjust enrichment claims to simultaneously advance past the pleading when it remains unsettled whether an enforceable contract in fact governs the dispute at hand.  Dervan v. Gordian Grp. LLC, 2017 U.S. Dist. LEXIS 28551, 2017 WL 819494 (S.D.N.Y. Feb. 28, 2017). That is not the case here.

Rather, Plaintiff unequivocally asserts that he entered into a membership contract with TSI, on a date certain, and even more convincing, cites to several of the membership contract's material terms, including the monthly fee, term, and cancellation policy. See Compl. ¶¶ 13-18. It is, therefore, nonsensical to plead an unjust enrichment claim as there remains no doubt that a contract existed and governs the dispute at issue. Finally, Plaintiff's entitlement to damages, if any, flows from the contract – not an independent tort claim. Accordingly, Plaintiff's unjust enrichment claim is duplicative and should be dismissed.

## CONCLUSION

Based on the foregoing, TSI respectfully requests the Court dismiss Plaintiff's claims under the laws of all non-New York states where he has not alleged personal injury, in addition to Plaintiff's duplicative breach of covenant of good faith and fair dealing claim and unjust enrichment claim, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: New York, New York
July 9, 2018

>Respectfully submitted,
>*Attorneys for Defendants*
>*Town Sports International Holdings, Inc. and*
>*Town Sports International, LLC*
>
>GORDON REES SCULLY MANSUKHANI, LLP
>
>By: */s/ Donald G. Derrico*
>   Donald G. Derrico
>   Matthew P. Gallo
>   Gregory R. Picciano
>
>500 Mamaroneck Avenue, Suite 503
>Harrison, New York 10528
>Tel: (914) 777-2225
>Fax: (914) 709-4566

15