**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Mykola Kolomiichuk, *on behalf of himself and all others similarly situated*,<br><br>                    Plaintiff,<br><br>    -against-<br><br>Town Sports International Holdings, Inc. and Town Sports International, LLC,<br><br>                    Defendants. | Civil Action No. 18-cv-01223-KMK |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TOWN SPORTS INTERNATIONAL HOLDINGS, INC. AND TOWN SPORTS INTERNATIONAL, LLC'S MOTION FOR SUMMARY JUDGMENT**

---

**GORDON REES SCULLY MANSUKHANI, LLP**
*Attorneys for Defendants Town Sports International Holdings, Inc. and Town Sports International, LLC,*
500 Mamaroneck Avenue, Suite 503
Harrison, New York 10528
Phone: (914) 777-2225
Fax: (914) 709-4566

Of Counsel and on the Brief:
  Donald G. Derrico, Esq.
  Matthew P. Gallo, Esq.
  Gregory R. Picciano, Esq.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 4

LEGAL ARGUMENT ............................................................................................................. 4

POINT I ................................................................................................................................. 4

      A.     STANDARD OF REVIEW ..................................................................................... 4

POINT II ............................................................................................................................... 5

      B.     TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S
              BREACH OF CONTRACT CLAIM ....................................................................... 5

            1.     The Parties Entered into a Valid and Enforceable Agreement ................... 6

            2.     Plaintiff Has Failed to Demonstrate a Breach of the Contract By TSI ....... 7

      C.     TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S
              BREACH OF CONTRACT AND UNJUST ENRICHMENT CLAIMS
              UNDER THE VOLUNTARY PAYMENT DOCTRINE ...................................... 9

      D.     TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S
              CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH
              AND FAIR DEALING ....................................................................................... 10

      E.     TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S
              UNJUST ENRICHMENT CLAIM ...................................................................... 13

      F.     TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S
              CLAIM THAT TSI VIOLATED THE NEW YORK CONSUMER
              PROTECTION ACT ........................................................................................... 14

CONCLUSION .................................................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Albert v. Alexander Brown Mgmt. Servs., Inc.*,
No. 762-N, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607 (Del. Ch. Aug. 26, 2005) ............ 13

*Alter v. Bogoricin*,
*1*997 U.S. Dist. LEXIS 17369, No. 97 Civ. 0662, 1997 WL 691332
(S.D.N.Y. Nov. 6, 1997) ................................................................................................. 11, 12

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ............................................................................................................... 4

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*,
448 F.3d 573 (2d Cir. 2006) ................................................................................................ 13

*Boule v. Hutton*,
328 F.3d 84 (2d Cir. 2003) .................................................................................................. 14

*Butvin v. DoubleClick Inc.*,
2001 U.S. Dist. LEXIS 2318, No. 99 Civ. 4727, 2001 WL 228121
(S.D.N.Y. Mar. 7, 2001) ...................................................................................................... 11

*Casalino Interior Demolition Corp. v. Custom Data, Inc.*,
235 A.D.2d 514, 653 N.Y.S.2d 35 (App. Div. 2d Dep't 1995) ............................................ 13

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ............................................................................................................... 5

*Commonwealth Assocs. v. Palomar Medical Technologies, Inc.*,
No. 96-CV-1868, 1997 WL 26723 (S.D.N.Y. 1997) ............................................................ 5

*Cross & Cross Props., Ltd. v. Everett Allied Co.*,
886 F.2d 497 (2d Cir. 1989) ................................................................................................ 11

*Dalton v. Educational Testing Serv.*,
87 N.Y.2d 384, 663 N.E.2d 289, 639 N.Y.S.2d 977 (N.Y. 1995) ................................... 10, 11

*Dervan v. Gordian Grp. LLC*,
2017 U.S. Dist. LEXIS 28551, 2017 WL 819494 (S.D.N.Y. Feb. 28, 2017) ......................... 14

*Dillon* v. *U-A Columbia Cablevision, Inc.*,
100 N.Y.2d 525 (2003) ........................................................................................................... 9

*Emerson Enters., LLC v. Kenneth Crosby New York, LLC*,
No. 03-Civ-6530, 2009 WL 3190445 (W.D.N.Y. Apr. 21, 2009) .......................................... 5

*Fink v. Time Warner Cable*,
   810 F. Supp. 2d 633 (S.D.N.Y. 2011) ................................................................ 9, 10

*Gimbel Bros., Inc. v. Brook Shopping Centers, Inc.*,
   118 A.D.2d 532 (2d Dept. 1986) ........................................................................... 9

*Granite Partners, L.P. v. Bear, Stearns & Co.*,
   17 F. Supp. 2d 275 (S.D.N.Y. 1998) .................................................................. 11

*Gummo v. Village of Depew*,
   75 F.3d 98 (2d Cir. 1996) .................................................................................... 5

*Harris v. Provident Life & Accidental Ins. Co.*,
   310 F.3d 73 (2d Cir. 2002) ................................................................................ 11

*Kowalchuk v. Stroup*,
   61 A.D.3d 118, 873 N.Y.S.2d 43 (1st Dep't 2009) .............................................. 6

*Kramer v. Pollock-Krasner Found.*,
   890 F. Supp. 250 (S.D.N.Y. 1995) .................................................................... 14

*Maurizio v. Goldsmith*,
   230 F.3d 518 (2d Cir. 2000) .............................................................................. 14

*Merchants Mut. Ins. Co. v. Travelers Ins. Co.*,
   24 A.D.3d 1179, 806 N.Y.S.2d 813 (4th Dep't 2005) ....................................... 10

*MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*,
   435 F. Supp. 2d 285 (S.D.N.Y. 2006) ................................................................ 4

*Murphy v. American Home Prods. Corp.*,
   58 N.Y.2d 293N.E.2d 86 N.Y.S.2d 232 (N.Y. 1983) ...................................... 11

*Pappas v. Tzolis*,
   20 N.Y.3d 228, 982 N.E.2d 576, 958 N.Y.S.2d 656 (2012) .............................. 14

*Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P.*,
   08CIV.10578 (RJS), 2010 WL 1257326 (S.D.N.Y. 2010) ................................. 6

*Schaefer v. Smigel*,
   No. 08-CV-6439, 2009 WL 174795 (S.D.N.Y. 2009) ........................................ 5

*Siradas v. Chase Lincoln First Bank, N.A.*,
   1999 U.S. Dist. LEXIS 15593, No. 98 Civ. 4028, 1999 WL 787658
   (S.D.N.Y. Sept. 30, 1999) .................................................................................. 12

*Spagnola v. Chubb Corp.*,
   574 F.3d 64 (2d Cir. 2009) .................................................................................. 9

*TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group*,
   244 F. Supp. 2d 263 (S.D.N.Y. 2003) .............................................................................. 11, 13

*U.S. Underwriters Ins. Co. v. Zeugma Corp.*,
   No. 97-Civ-8031, 1998 WL 633679 (S.D.N.Y. Sept. 15, 1998) ................................................ 4

**Statutes**

N.Y. Gen. Bus. Law § 349 ................................................................................................... 14, 15

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................ 1, 4, 16

Fed. R. Civ. P. 56(c) ............................................................................................................... 4

Fed. R. Civ. P. 56.1(a) ............................................................................................................. 4

**Other Authorities**

22 N. Y. Jur. 2d, Contracts § 9 .............................................................................................. 6

## PRELIMINARY STATEMENT

Defendants Town Sports International Holdings, Inc. and Town Sports International, LLC, (collectively, "TSI") submit this memorandum of law in support of their Motion for Summary Judgment, pursuant to Fed.R.Civ.P. 56, to dismiss Plaintiff's Complaint, in its entirety, with prejudice.  Plaintiff's Complaint consist of claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment, and (4) violations of the New York Consumer Protection Act – none of which are founded in law, fact, or reality and warrant dismissal.

The crux of Plaintiff's claims concerns whether TSI impermissibly increased Plaintiff's monthly rate in contravention of his membership contract with TSI.  Plaintiff's primary claim is that TSI breached its contract with the Plaintiff when it increased his monthly dues rate from $19.95 to $29.95 in January 2017; from $29.95 to $39.95 in January 2018; and $39.95 to $44.95 in December 2018.  Incredibly, Plaintiff claims that his monthly rate of $19.95 should have continued for "the rest of his life" despite clear and explicit contractual language to the contrary.

First, Plaintiff's contractual claim and consumer fraud claims are eviscerated by the plain language of TSI's membership contract.  On January 5, 2015, Plaintiff, Mykola Kolomiichuk ("Plaintiff") signed up for a monthly membership contract at the TSI Dobbs Ferry, New York location that charged him $19.95 per month, and billed on the 1st of each month.  Although Plaintiff conveniently is no longer in possession of the Contract, he cannot escape the undisputed record which demonstrates that (1) Plaintiff's Complaint contains the specific, material terms of his Contract which show that he entered into a monthly contract, and (2) TSI only used one standard template membership contract for every new member at their Dobbs Ferry, New York location,

including Plaintiff in January 2015[1]. Both Plaintiff's Complaint and the standard template membership agreement contain identical provisions, including clear terms that it was month-to-month as follows: "***[y]ou understand that your agreement will continue month to month until you cancel it by providing notice as described below at any time prior to the next monthly billing cycle.***" Nowhere in the contract does it state that Plaintiff's monthly dues were "for the rest of his life" as there is also no "rate lock" provision preventing TSI from increasing Plaintiff's monthly dues. Instead, the contract unequivocally states that the agreement will continue "***month to month***" until cancelled by the Plaintiff at any time prior to the next monthly billing cycle. Even the cancellation policy establishes that Plaintiff's agreement was a month-to-month agreement, as it allowed Plaintiff to cancel "at any time" and the cancellation would take effect next month or "the first day of the next billing cycle." The record is clear that Plaintiff entered into a monthly agreement. Thus, Plaintiff cannot challenge the existence of a valid and enforceable contract, or its very terms, which permitted TSI to increase member's monthly rates.

Next, Plaintiff's contrived claims challenge TSI's business practices and procedures. To stave off dismissal of his woefully deficient claims, Plaintiff avers that he was never provided notice of TSI's dues increases. This is patently false and belied by the record. The record demonstrates that TSI provided its members with advanced, reasonable written notice of each rate increase, *via* electronic mail, and if returned as undeliverable, the notices were sent *via* regular mail. In fact, Plaintiff admits that he provided TSI with his e-mail address "Kolomiichuk@gmail.com" at the time of enrollment, which remains active today. Although

---

[1] TSI will refer to the terms set forth in the Complaint and standard template membership contract, which are identical as the "Contract." Since Plaintiff admits he entered into a contract with TSI on January 5, 2015, there is no dispute or material fact as to the existence of such a contract or its terms.

Plaintiff contends that he never received notice of the first monthly dues increase in December 2016, which TSI vehemently opposes and disputes, it is undisputed that Plaintiff received a copy of the increase notice from TSI's Dobbs Ferry General Manager on February 7, 2017 – one month after the increase went into effect.   The General Manager provided Plaintiff with a copy the increase notice and advised Plaintiff that his membership agreement was month-to-month and subject to monthly increases, and not a "rate lock" agreement.   That is, since Plaintiff's membership was a month-to-month agreement, Plaintiff had the flexibility of cancelling his agreement if he did not want to pay the new price, or continue using the fitness club at the new rate.  Plaintiff chose not to cancel his membership agreement and continued to use and benefit from the TSI Dobbs Ferry's fitness club.

TSI followed the same business practices and procedures when Plaintiff's monthly rate was increased prior to January 2018 and November 2018.  Incredibly, Plaintiff claims that he did not receive the notice, but was aware of the increases and continued to use the fitness club.  In fact, Plaintiff continued to pay the increased monthly rates until he cancelled his membership in June 2019.  Thus, Plaintiff falls woefully short of the requisite standard to maintain a consumer fraud claim, let alone a breach of contract claim, and cannot demonstrate that TSI committed any deceptive acts.

Plaintiff's claims for breach of implied covenant of good faith and fair dealing and unjust enrichment must be dismissed as duplicative of his breach of contract claim.  Because Plaintiff's breach of the covenant of good faith and fair dealing and unjust enrichment claims are intrinsically tied to the damages sought in his breach of contract claim, and based on the same operative facts, such claims must be dismissed.  Worse, Plaintiff acknowledges the existence of an actual contract

with TSI, which renders his breach of the covenant of good faith and fair dealing, and unjust enrichment claims as duplicative and warranting dismissal.

For the reasons that will be set forth further below, TSI respectfully requests dismissal of Plaintiff's Complaint, in its entirety, with prejudice, pursuant to Fed.R.Civ.P. 56.

## STATEMENT OF FACTS

TSI respectfully refers this Honorable Court to TSI's Rule 56.1(a) Statement of Undisputed Materials Facts ("SMF"), attached hereto, for a full recitation of the relevant facts.

## LEGAL ARGUMENT

## POINT I

### A.    STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Whether a fact is "material" is determined by the substantive law defining the claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where parties on a summary judgment motion do not dispute a dispositive material fact, and merely disagree as to the consequence of that undisputed fact under the law, a question of law is presented for the court's interpretation and the court could not be on firmer ground in granting summary judgment as a matter of law." *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 305 (S.D.N.Y. 2006). *See also U.S. Underwriters Ins. Co. v. Zeugma Corp.*, No. 97-Civ-8031, 1998 WL 633679, at *2 (S.D.N.Y. Sept. 15, 1998) ("Summary judgment is appropriate where all facts are undisputed and only questions of law remain to be decided.").

"'In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support

an essential element of the nonmoving party's claim.'" *Emerson Enters., LLC v. Kenneth Crosby New York, LLC*, No. 03-Civ-6530, 2009 WL 3190445, at *7 (W.D.N.Y. Apr. 21, 2009) (quoting *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Application of this standard demonstrates that TSI is entitled to summary judgment on each of Plaintiff's claims based on the undisputed record.

## POINT II

### B.   TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF CONTRACT CLAIM

Plaintiff's breach of contract claim is contradicted by the plain language of the Contract. That is, Plaintiff cannot show that TSI breached the valid and enforceable month-to-month Contract by increasing his monthly rates.   Rather, TSI's periodic rate increases were permissible at the beginning of the next month (or next monthly contract period), subject to Plaintiff's cancellation.   Since Plaintiff cannot show that TSI breached any of the terms of the Contract, summary judgment is warranted.

To prevail on a breach of contract claim, Plaintiff must (1) prove the existence of a valid contract; (2) the parties' performance under that contract; (3) Defendants' breach of that contract; and (4) damages caused by the breach.  *Commonwealth Assocs. v. Palomar Medical Technologies, Inc.,* No. 96-CV-1868, 1997 WL 26723 at *1 (S.D.N.Y. 1997). "[J]udgment as a matter of law is appropriate if the contract language is unambiguous." *Schaefer v. Smigel*, No. 08-CV-6439, 2009 WL 174795 at *2 (S.D.N.Y. 2009).  In this case, and as set forth *ad nauseam* herein, the undisputed facts demonstrate that the parties entered into a valid and enforceable agreement permitting TSI to modify its monthly prices on a month-to-month basis, subject to cancellation by Plaintiff.

### 1.     The Parties Entered into a Valid and Enforceable Agreement

"To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kowalchuk v. Stroup*, 61 A.D.3d 118, 121, 873 N.Y.S.2d 43 (1st Dept. 2009) (citing 22 N. Y. Jur. 2d, Contracts § 9). There must be "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P*., 08CIV.10578 (RJS), 2010 WL 1257326, at *4 (S.D.N.Y. 2010).

Here, the record is clear that the parties' entered into a binding contract. Plaintiff's Complaint and deposition testimony irrefutably demonstrates that Plaintiff and TSI entered into a contract by signing a membership agreement on January 5, 2015. SMF ¶¶ 5-14. Furthermore, on that date, Plaintiff agreed to pay an annual fee of $49.95 and a monthly fee of $19.95, and in exchange, Plaintiff enjoyed the benefit of the services and programs offered by the TSI Dobbs Ferry, New York fitness club. SMF ¶ 12.

Although Plaintiff is conveniently no longer in possession of the Contract, there is no dispute as to the actual terms and provisions set forth therein. Not only does Plaintiff's Complaint contain the specific, material terms of his Contract, but additionally, TSI produced its standard template membership contract for every new member at their Dobbs Ferry, New York location, including Plaintiff, in January 2015. SMF ¶¶ 15-16. Both Plaintiff's Complaint and the standard template membership agreement contain identical provisions, including undisputable evidence that it was a month-to-month contract. SMF ¶¶ 5-14, compared to ¶¶ 15-16; Exs. A and C. More specifically, Plaintiff's Complaint and the standard template membership agreement contain identical contract terms as follows:

- monthly dues (SMF ¶ 12; Ex C);

- an "Annual Fee (SMF ¶ 12; Ex C);

- "you understand that your agreement will continue month to month until you cancel it by providing notice as described below at any time prior to the next monthly billing cycle (SMF ¶ 13; Ex. C); and

- Plaintiff's membership contract contained a cancellation provision which allowed members to cancel at any time (effective the first day of the next month), but noted that members will be charged a $29.95 cancellation fee (SMF ¶ 14; Ex. C).

These contract terms are not in dispute. Rather, on January 5, 2015, Plaintiff agreed to be charged on a month-to-month basis, unless Plaintiff cancelled the Contract. Thus, there is no dispute that Plaintiff and TSI entered into a valid and enforceable contract.

**2.    Plaintiff Has Failed to Demonstrate a Breach of the Contract By TSI**

Although there is a valid and enforceable contract, any breach of contract inquiry ends there. Plaintiff has failed to demonstrate a breach of the Contract or create an issue of material fact to stave off dismissal. While it is difficult to decipher as to the precise alleged breaches committed by TSI, it is gleaned from Plaintiff's testimony that he believes the $19.95 monthly rate was "for life," and any increase amounts to a breach of the Contract. Both of Plaintiff's contrived arguments are addressed and refuted below.

First, it is axiomatic that Plaintiff only entered into a month-to-month contract. This is axiomatic based on the Complaint and standard template membership contract for the Dobbs Ferry, New York location, both of which clearly establish that the agreement was month-to-month, permitting either party to modify or cancel the contract on a monthly basis. SMF ¶¶ 13-4. If Plaintiff failed to cancel, he would be charged on the 1st of next month's billing cycle. SMF ¶ 14. And also, if Plaintiff failed to cancel, TSI and Plaintiff agreed to continue their monthly

arrangement.  SMF ¶¶ 13-4; Ex. C.  TSI elected to modify the month-to-month contract on multiple occasions, prior to the next monthly billing cycle, and increase its monthly rates, which was permitted under the plain language of the Contract.  SMF ¶¶ 5-14; Ex. C.  This was only done after providing advanced, written notice to Plaintiff of the increases, which would not be effective until the next month billing cycle – as permitted under the Contract.  That is, TSI notified Plaintiff at "Kolomiichuk@gmail.com," which was provided by Plaintiff to TSI on January 5, 2015 and remains active today, that a rate increase would go into effect on the next monthly billing cycle.  SMF ¶¶ 24-6.  TSI abided by each and every term in the Contract when it raised its monthly rates in January 2017, January 2018, and December 2018.  There is nothing to see here.

If Plaintiff contends that he was not aware of the rate increase, and contract modifications, this argument also fails.  Plaintiff testified under oath that he was aware of the first increase in January 2017 when he spoke with one of TSI representatives who informed him that his monthly rate was subject to change.  SMF ¶¶ 30-31. Additionally, TSI e-mailed Plaintiff a copy of the notice on February 7, 2017 (the same notice that was sent out in December 2016).  SMF ¶¶ 34-6. Thus, Plaintiff was notified of the increase, and increased monthly rates, but chose to continue his membership at the Dobbs Ferry location and benefit from the fitness club's equipment and services.  TSI followed the same procedures for each subsequent increase (e.g. January 2018 and December 2018) as Plaintiff was provided advanced notice via e-mail on both occasions.  SMF ¶¶ 40-48; Ex. E.

Also, Plaintiff's argument that the monthly rate continued "for life" is equally flawed. Contrary to Plaintiff's allegations, nowhere in the four-corners of TSI's standard template membership contract for the Dobbs Ferry, New York location does it contain language that the membership contract's monthly dues shall never increase or that the contract is "for life."   Rather,

Plaintiff's membership contract would only have continued for life at the $19.95 rate if it included a "rate lock" provision, which would have prevented TSI from raising its monthly dues at any time.  SMF ¶ 17-8; 20.  Plaintiff testified under oath that he did not negotiate, nor pay for a rate-lock, which is also nowhere to be found in standard template membership contract.  *Id.*  Thus, any contention that Plaintiff's monthly rate was "for life" or "locked-in" flies in the face of the uncontroverted record.

Thus, Plaintiff's breach of contract claim falls woefully short of the requisite standard as Plaintiff cannot demonstrate a breach by TSI based on the plain language of the Contract.  As a result, dismissal is warranted on Plaintiff's breach of contract claim.

**C.     TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF CONTRACT AND UNJUST ENRICHMENT CLAIMS UNDER THE VOLUNTARY PAYMENT DOCTRINE**

Assuming arguendo that the Court determines that genuine issues of material fact exists as to TSI's alleged impermissible conduct under the Contract, Plaintiff's breach of contract claim and unjust enrichment claim must be barred under the voluntary payment doctrine.  Plaintiff continued to make monthly payments for **30 months**, despite being fully aware of the monthly dues increases, thus barring any recovery by Plaintiff.  SMF ¶¶ 30; 44.

It is well-settled that where a party makes payments voluntarily, without protest and as a matter of convenience, an action to recover those payments is barred as a matter of law.  *See Dillon* v. *U-A Columbia Cablevision, Inc*., 100 N.Y.2d 525 (2003) (affirming dismissal of consumer class action against cable service provider challenging disclosed late fee practices); The common law doctrine bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law. *Id.; see also, Gimbel Bros., Inc. v. Brook Shopping Centers, Inc.*, 118 A.D.2d 532 (2d Dept. 1986); *Spagnola v. Chubb*

*Corp.*, 574 F.3d 64; *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633. That is exactly the case here, and Plaintiff's common law claims should be dismissed.

New York courts have applied the voluntary payment doctrine to dismiss identical claims as those asserted in Plaintiff's Complaint. It is black letter law that voluntary payment precludes a plaintiff from recovering payments "made with full knowledge of the facts" and with a "lack of diligence" in determining his contractual rights and obligations. *Id.* The fact that Plaintiff continued to pay for his gym membership with full knowledge that TSI raised its monthly rates on multiple occasions (e.g. January 1, 2017; January 1, 2018; and December 1, 2018), despite clear knowledge of the increased rates, falls squarely within the ambit of the voluntary payment doctrine. Quite significantly, Plaintiff testified that he first became aware of the monthly increase and the reason for the increase in January 2017. SMF ¶ 30.   Additionally, he was e-mailed a copy of the increase notice in February 2017, which he acknowledged he received. SMF ¶¶ 34-6.   The same goes for the January 1, 2018 increase, as Plaintiff testified under oath that he immediately became aware of the new rate of $39.95 that same month. SMF ¶ 44. Despite these uncontroverted facts, Plaintiff continued to make monthly payments while enjoying the benefits of the TSI Dobbs Ferry, New York location for over 30 months before cancelling his membership in June 2019.

TSI is therefore entitled to summary judgment with respect to Plaintiff's claims for breach of contract and unjust enrichment.

**D.** **TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

TSI is entitled to summary judgment on Plaintiff's claims for breach of implied covenant of good faith and fair dealing, as such a claim is duplicated of his breach of contract claims. It is axiomatic that implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance. *See Dalton v. Educational Testing Serv.,* 87 N.Y.2d 384, 663 N.E.2d 289,

10

291-92, 639 N.Y.S.2d 977 (N.Y. 1995).  Although breach of this covenant may give rise to a claim of relief, *see Granite Partners, L.P. v. Bear, Stearns & Co.,* 17 F. Supp. 2d 275, 305 (S.D.N.Y. 1998), there are limitations on its scope. The Second Circuit has indicated that it is the "intent and reasonable expectations" of parties entering into a given contract that fix the boundaries of the covenant of good faith and fair dealing, provided that those expectations are consistent with the express terms of the contract. *Cross & Cross Props., Ltd. v. Everett Allied Co.,* 886 F.2d 497, 502 (2d Cir. 1989); *see also Dalton,* 87 N.Y.2d at 384. Hence, the purpose of the implied covenant of good faith is to further an agreement by protecting a promisee against "breach of the reasonable expectations and inferences otherwise derived from the agreement." *TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group,* 244 F. Supp. 2d 263, 278 (S.D.N.Y. 2003). Such protection cannot exist in the absence of an underlying valid contract. *See Alter v. Bogoricin, 1*997 U.S. Dist. LEXIS 17369, No. 97 Civ. 0662, 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997)("The covenant of good faith and fair dealing is not distinct from the underlying contract …"); *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 448 N.E.2d 86, 91, 461 N.Y.S.2d 232 (N.Y. 1983).

Accordingly, "New York law … does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accidental Ins. Co.,* 310 F.3d 73, 81 (2d Cir. 2002); *see also Butvin v. DoubleClick Inc.,* 2001 U.S. Dist. LEXIS 2318, No. 99 Civ. 4727, 2001 WL 228121, at *8 (S.D.N.Y. Mar. 7, 2001). This Court has consistently dismissed claims for breach of the implied covenant of good faith as "redundant where the conduct allegedly violating the implied covenant is also the predicate for breach … of an express provision of the underlying contract." *TVT,* 244 F. Supp. 2d at 277; *see also Alter,* 1997 U.S. Dist. LEXIS 17369, 1997 WL

691332, at *7 ("Every court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative").  Consequently, a breach of the implied covenant of good faith claim can survive a motion to dismiss "only if it is based on allegations different than those underlying the accompanying breach of contract claim." *Siradas v. Chase Lincoln First Bank, N.A.,* 1999 U.S. Dist. LEXIS 15593, No. 98 Civ. 4028, 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999). Moreover, where the relief sought by the plaintiff in claiming a breach of the implied covenant of good faith is "intrinsically tied to the damages allegedly resulting from the breach of contract," *Alter,* 1997 U.S. Dist. LEXIS 17369, 1997 WL 691332, at *8, there is no separate and distinct wrong that would give rise to an independent claim.

In the instant case, Plaintiff's claim of breach of the implied covenant of good faith and fair dealing rests on TSI's alleged failure to honor the terms of the Agreement by charging increased monthly fees.  Ex. A; *See* Compl. § 69. More specifically, Plaintiff avers that "Defendants breached the implied covenant of good faith and fair dealing underlying these contracts and injured Plaintiff's and class members' rights to receive fruits of the contract by unilaterally raising monthly dues…in contravention of the terms of Plaintiff and class member membership agreements."  *Id.*  However, this assertion is identical to the allegations and facts relied upon in Plaintiff's breach of contract claim, which alleges that TSI breached its membership agreements by unilaterally increasing monthly fees.  Compl. § 63.

Moreover, the breach of the implied covenant claim must also be dismissed because the damages it seeks to recover are identical to those asserted in the breach of contract claim. Under New York law, claims for breach of the implied covenant of good faith which seek to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract

must be dismissed as redundant. *See, e.g., Casalino Interior Demolition Corp. v. Custom Data, Inc.,* 235 A.D.2d 514, 653 N.Y.S.2d 35, 36 (App. Div. 2d Dep't 1995); *see also TVT*, 244 F. Supp. 2d at 277-79.

Here, Plaintiff seeks to recover the exact amount in both claims.  Ex. A; Compl. ¶ 65 ("Plaintiff and the members of the Class are entitled to recover the unauthorized fees, charged and taken by Defendants, which accrued interest"), compared to Compl. ¶ 71 ("Plaintiff and the members of the Class are entitled to recover the unauthorized fees, paid by them, which accrued interest.") According to the Complaint, the damages requested for both of these claims arise from TSI's alleged failure to honor the terms of the Agreement by charging increased monthly fees. *See* Compl. § 69. Thus, the damages requested for the breach of the implied covenant claim are intrinsically tied to and simply repeat those requested for the breach of contract claims.

Accordingly, Plaintiff's claims for breach of implied covenant of good faith and fair dealing claim should be dismissed.

**E.    TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S UNJUST ENRICHMENT CLAIM**

Similar to his breach of the covenant of good faith and fair dealing, Plaintiff's claim of unjust enrichment is duplicative and should be dismissed.

Unjust enrichment is a quasi-contract claim that may be pursued only in the absence of a contract or, in the alternative, where there is a doubt about the existence or enforceability of a contract. *See, e.g., Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 586-87 (2d Cir. 2006); see also, e.g., *Albert v. Alexander Brown Mgmt. Servs., Inc.,* No. 762-N, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005) (noting that while a plaintiff may pursue contract and quasi-contract claims in the alternative, "[t]his is generally so . . . only when there is doubt surrounding the enforceability or the existence of the contract").

Here, the parties' dispute is governed by an express contract and thus unjust enrichment does not lie. *See, e.g., Pappas v. Tzolis,* 20 N.Y.3d 228, 234, 982 N.E.2d 576, 958 N.Y.S.2d 656 (2012) ("Because the sale of interests in the LLC was controlled by contracts . . . the unjust enrichment claim fails as a matter of law."). Courts will only allow breach of contract and unjust enrichment claims to simultaneously advance past the pleading when it remains unsettled whether an enforceable contract in fact governs the dispute at hand. *Dervan v. Gordian Grp. LLC*, 2017 U.S. Dist. LEXIS 28551, 2017 WL 819494 (S.D.N.Y. Feb. 28, 2017). That is not the case here.

Rather, Plaintiff unequivocally asserts that he entered into a membership contract with TSI on January 5, 2015, so that he could use the services provided by the TSI Dobbs Ferry, New York location.   SMF ¶¶ 6-7.   As such, it is nonsensical to plead an unjust enrichment claim as there remains no doubt that a contract existed which governs the dispute at issue.   Finally, Plaintiff's entitlement to damages, if any, flows from the contract – not an independent tort claim. Accordingly, Plaintiff's unjust enrichment claim is duplicative and should be dismissed.

**F.**   **TSI IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM THAT TSI VIOLATED THE NEW YORK CONSUMER PROTECTION ACT**

Plaintiff's GBL § 349 claim must be dismissed as Plaintiff utterly fails to demonstrate that TSI's Contract or business practices were misleading or deceptive.

To state a claim under N.Y. Gen. Bus. Law § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result. *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). "Deceptive practices" are "acts which are dishonest or misleading in a material respect." *Kramer v. Pollock-Krasner Found*., 890 F. Supp. 250, 258 (S.D.N.Y. 1995). "'Deceptive acts' are defined objectively as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." *Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003) (internal quotation marks omitted).

A careful review of Plaintiff's Complaint fails to show any specific allegation with regard to how the Contract is misleading or deceptive. As stated *ad nauseam* above, the plain and unambiguous language of the Contract unmistakably demonstrates that the Contract was a month-to-month agreement, permitting TSI to increase a member's monthly rates prior to the next monthly billing cycle.  Nowhere in the Contract does it state that Plaintiff's monthly dues were for the "rest of his life," or that he had a "rate lock-in." SMF ¶¶ 17-18; 20.  And contrary to Plaintiff's allegations, the Contract allowed for Plaintiff to cancel at any time and for any reason, which he did in June 2019, without a cancellation fee.  SMF ¶¶ 49-51.

Moreover, TSI ensured transparency and prevented deception by providing written notice to Plaintiff of each increase, which would not be effective until the next month billing cycle (or monthly contract).  See, Ex. E.  Specifically, TSI notified Plaintiff at "Kolomiichuk@gmail.com," which was provided by Plaintiff to TSI on January 5, 2015 and remains active today, that a rate increase would go into effect on the next monthly billing cycle.  SMF ¶ 11; 24; 41; Ex. E.   Even if Plaintiff claims that he was not aware of the increase, Plaintiff conceded that he was aware of the first increase in January 2017 when he spoke with a TSI representative who informed him that his monthly rate was subject to change.   SMF ¶ 31.  Plaintiff further acknowledged that he was emailed a copy of the increase notice and again told that the Contract was a monthly agreement subject to increase, and not a rate lock-in when he spoke with a General Manager in February 2017.   SMF ¶¶ 34-6.  As such, there was nothing deceptive or misleading with TSI's practices, as it abided by each and every term in the Contract and provided adequate notice when it raised its monthly rates in January 2017, January 2018, and December 2018.  Accordingly, Plaintiff's GBL § 349 should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, TSI respectfully requests the Court dismiss Plaintiff's claims and grant TSI summary judgment pursuant to Fed.R.Civ.P. 56.

Dated: New York, New York
September 6, 2019

Respectfully submitted,
*Attorneys for Defendants*
*Town Sports International Holdings, Inc. and*
*Town Sports International, LLC*

GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Gregory Picciano*
Gregory R. Picciano
Donald G. Derrico
Matthew P. Gallo

500 Mamaroneck Avenue, Suite 503
Harrison, New York 10528
Tel: (914) 777-2225
Fax: (914) 709-4566