UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MYKOLA KOLOMIICHUK, *on behalf of himself and all others similarly situated*,

                Plaintiff,

-v-

TOWN SPORTS INTERNATIONAL HOLDINGS, INC., *et al.*,

                Defendants.

No. 18-CV-1223 (KMK)

ORDER

United States District Judge:

    Plaintiff Mykola Kolomiichuk ("Plaintiff") brings this purported diversity Action against Defendants Town Sports International Holdings, Inc. and Town Sports International, LLC (jointly, "TSI" or "Defendants"), alleging several state law claims. (*See generally* First Am. Compl. ("FAC") (Dkt. No. 18).) Before the Court are Defendants' Motion for Summary Judgment, (*see* Not. of Mot. for Summ. J. (Dkt. No. 54)), and Plaintiff's Motion for Class Certification, (*see* Not. of Mot. for Class Cert. (Dkt. No. 60)).

    Plaintiff has asserted that "federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2)(A) as the amount in controversy exceeds the sum of $5,000,000, the number of class members exceed 100, and any member of a class of plaintiffs is a non-citizen of a State of New York and Defendants are a citizen of a State of New York." (FAC ¶ 6.) However, 28 U.S.C. § 1332(d)(4) strips a court of such jurisdiction where, *inter alia*, Defendants and greater than two-thirds of the members of all proposed plaintiff classes are citizens of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

Here, both Plaintiff and Defendants are citizens of New York State. (*See* FAC ¶¶ 3–5.) Additionally, Plaintiff seeks to bring suit on behalf of himself and others "who were charged by TSI a monthly due in excess of the amount set forth in their membership agreement." (FAC ¶ 33.) Plaintiff has alleged that Defendants operate "about 150 fitness clubs" under the names New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs and Philadelphia Sports Clubs, and that "over 100" of these operate as "New York Sports Clubs." (FAC ¶ 9–10.)

Accordingly, because the Court has an independent obligation to ensure its jurisdiction, *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."), the Parties are directed to submit supplementary letter briefs by July 20, 2020 at 5 p.m., not to exceed five pages, addressing the following questions:

1. Whether this case should, at this stage of the proceedings, be dismissed for lack of jurisdiction;

2. Whether, if the Court determines that Plaintiff cannot adequately represent the proposed non-New York classes, the case must then be dismissed for lack of jurisdiction.

SO ORDERED.

DATED:  July 13, 2020
        White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

2